**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 03-80102-CR-MARRA/SELTZER**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| RICARDO GUILLERMO DEISERNIA, | ) |
|     a/k/a "Rick Seysern" | ) |
|     a/k/a "Rick Diserna" | ) |
|     a/k/a "Richard Deisernia", | ) |
| | ) |
| | ) |
|               Defendant | ) |

<u>**AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION**</u>

I, Andrew C. Lourie, being duly sworn, depose and state:

1.   I am a citizen of the United States, residing in Jupiter, Florida.

2.   In May 1987, I received a law degree from Emory University School of Law in Atlanta, Georgia and was admitted to the Bar of the State of New York in 1988. From September 1987 to May 1991, I was employed as an attorney with a private law firm in New York, New York.  From July 1991 to December 1994, I was employed as an Assistant U.S. Attorney for the District of New Jersey.

3.   From December 1994 to the present, I have been employed as an Assistant United States Attorney in the United States Attorney's Office for the Southern District of Florida. As an Assistant United States Attorney, my duties are to

prosecute persons charged with criminal violations of the laws of the United States.  I have personally represented the United States in cases against approximately two hundred defendants charged with violations of federal criminal laws. For the past five years, I have been a supervisor of other federal prosecutors in the areas of economic crime, public corruption, firearms, narcotics and violent crime.  During that time period, I have provided training and performed lectures to other prosecutors. Based upon my training and experience, I am an expert in the criminal laws and procedures of this district and the United States.

4.    During my tenure in the United States Attorney's Office, I have become particularly knowledgeable in that area of criminal law relating to violations of the federal firearms statutes, including:  Title 18, United States Code, Sections 922, importation of machine guns and other firearms; and Title 18, United States Code, section 545, smuggling of goods into the United States.

5.    In the course of my official duties I have become familiar with the charges and evidence against Ricardo Guillermo Deisernia, a/k/a Rick Seysern, the defendant in the case entitled United States v. Ricardo Guillermo Deisernia, Case No. 03-80102-CR-Marra, in the United States District Court for the Southern District of Florida, which arose out of an investigation into the importation into the United States of machine guns, silencers and other unlawful firearms.

6.    Under the laws of the United States, a criminal prosecution may be commenced by a grand jury on its own decision to return and file an indictment with the Clerk of the United States District Court.  A grand jury is composed of not more than twenty-three (23) and not less than sixteen (16) people whom the United States District Court selects at random from the residents of the Southern District of Florida.  The grand jury is part of the judicial branch of the Government.  The purpose of the grand jury is to view the evidence of crimes presented to it by the United States law enforcement authorities.  After independently viewing this evidence, each member of the grand jury must determine if there is probable cause to believe that a crime has been committed and that the particular defendant or defendants committed the crime.  After at least twelve (12) jurors affirmatively vote that the defendant committed the crime or crimes, the grand jury may return an indictment.  An indictment is a formal document that charges the defendant with a crime or crimes, describes the specific laws which the defendant is accused of violating and describes the acts of the defendant that are alleged to be violations of the law.  After the grand jury returns the indictment, a warrant for the defendant's arrest is issued at the discretion of a United States District Court Judge or Magistrate Judge.

THE CHARGES AND PERTINENT UNITED STATES LAW

7.    On July 24, 2003, a federal grand jury sitting in the Southern District of Florida returned and filed an

eleven-count indictment  against Ricardo Guillermo Deisernia. The
indictment charges as follows: Counts 1 and 2 charge Deisernia
with unlawfully transferring machine guns to another person in
violation of 18, United States Code, Section 922(o); Counts 3 and
4 charge Deisernia with unlawfully importing silencers into the
United States without authorization, in violation of 18, United
States Code, Section 922(l); Counts 5 and 8 charge Deisernia with
smuggling a machine gun into the United States, in violation of
18, United States Code, Section 545; Counts 5 and 6 charge
Deisernia with smuggling silencers into the United States, in
violation of 18, United States Code, Section 545; Counts 9 and 10
charge Deisernia with transporting Machine guns through foreign
commerce into the United States without a license, in violation
of 18, United States Code, Section 922(a)(4); and Count 11
charges Deisernia with transporting silencers in foreign commerce
into the United States without a license, in violation of 18
United States Code, Section 922(a)1(A).

     8.   The relevant portions of the statutes cited above
are annexed to this affidavit as Exhibit A.  Each of these
statutes was duly enacted and in force at the time the offense
was committed and at the time the indictment was returned, and
they remain in full force and effect.  A violation of any of
these statutes constitutes a felony under the laws of the United
States.

     9.   I have also included as part of Exhibit A, the
true and accurate text of Title 18, United States Code, Section

3282, which is the statute of limitations on prosecuting the crimes charged in this indictment.  The statute of limitations merely requires that a defendant be formally charged within five years of the date that the offense or offenses were committed. Once an indictment has been filed in a federal district court, as with these charges against the defendants here, the statute of limitations is tolled and no longer runs.  The reason for this is so that a criminal cannot escape justice by simply hiding out and remaining a fugitive for a long period of time.

10.  I have thoroughly reviewed the applicable statute of limitations, and the prosecution of the charges in this case is not barred by the statute of limitations.  Since the applicable statute of limitations is five years, and the indictment, which charges criminal violations occurring in 2002 and 2003, was filed in 2003, the defendant was formally charged within the prescribed five-year time period.

11.  On July 24, 2003, a warrant for the arrest of the defendant was issued by order of the Honorable Linnea Johnson, United States Magistrate Judge of the United States District Court for the Southern District of Florida.

12.  It is the practice of the United States District Court for the Southern District of Florida to retain the original indictment and warrants of arrest and file them with the records of the court.  Therefore, I have obtained true and accurate copies of the indictment and arrest warrant from the Clerk of the Court and have attached them to this affidavit as

Exhibit B and Exhibit C, respectively.

13.   In order to convict defendant of the felony offense of unlawfully transferring a machine gun (18 U.S.C 922(o)) as charged in counts 1 and 2 of the indictment, the United States must prove that the defendant transferred or caused someone else to transfer a machine gun to another person. A machine gun under U.S. law, 26 U.S.C. Section 5845 (b), is defined as "any weapon which shoots, is designed to shoot, or can readily be restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively or combination of parts designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person."  The maximum penalty for a violation of Title 18, United States Code, Section 922(o) is a term of imprisonment not to exceed ten years and a maximum fine of $250,000.

14.   With respect to the crime of importing silencers into the United States (18 U.S.C. Section 922(l)), charged at counts 3 and 4, the United States must prove that defendant brought a silencer into the country or caused someone else to bring it into the country without authorization from the Attorney General or the Secretary of the Treasury.  Title 18, U.S.C., Section 921(a)(24) defines a "silencer" as any device for

6

silencing, muffling or diminishing the sound of a portable firearm. Title 18, United States Code, Section 921(a)(3)(C) defines the term "firearm" to include "any firearm muffler or firearm silencer." Any sale by SEYSERN to a person in the United States of a silencer would violate 18 U.S.C. § 922(l), illegal importation of firearms. The receipt of the silencer by any person in the United States is also a violation of 18 U.S.C. § 922(l).

15. With respect to the crime of smuggling firearms into the United States (18 U.S.C. Sec. 545), charged at counts 5 through 8 of the indictment, the United States must prove that the defendant smuggled or clandestinely introduced merchandise, in this case silencers (counts 6 and 7), or machine guns (counts 5 and 8), into the United States without declaring the merchandise for invoicing as required under the customs laws, that the defendant knew he was required to invoice the merchandise and that he acted with intent to defraud or deceive the United States.

16. In order to convict the defendant of transporting machine guns in interstate or foreign commerce without a license (18 U.S.C. 922(a)(4), as charged at counts 9 and 10 of the indictment, the United States must prove that the defendant intentionally sent a machine gun to the United States and caused the machine gun to travel from outside the United States into the United States or from one state to another within the United States, without having a license authorizing him to do so.

17.  In order to convict the defendant of transporting silencers in interstate or foreign commerce without a license (18 U.S.C. 922(a)(1)(A), as charged at count 11 of the indictment, the United States must prove that defendant intentionally sent a silencer to the United States and caused it to travel from outside the United States into the United States or from one state to another within the United States without having a license authorizing him to do so.

18.  The United States will prove its case against Deisernia through testimony of witnesses, including the testimony of individuals around the United States who purchased machine guns, silencers and other illegal weapons from the defendant via his website "fullautoglock.net" and via his email address "collectors@hotmail.com".  Agents with the United States Bureau of Alcohol Tobacco and Firearms ("ATF") who also purchased firearms from the defendant and had email correspondence with the defendant will also testify.

19.  Defendant is an Argentinian citizen born on July 9, 1966.  Defendant has not been tried or convicted of any offenses charged in this indictment.  If convicted, the maximum sentence defendant faces on counts 1 and 2 is ten years' incarceration.  The maximum sentence on all other counts is five years' incarceration.  Though the Court may sentence consecutively on each count, it is likely that defendant would be sentenced to concurrent sentences, resulting in a total maximum sentence of no more than ten years' incarceration.

## SUMMARY OF THE FACTS OF THE CASE

20.    In October of 2002, an individual advised federal law enforcement that a person known to him as RICK SEYSERN was selling kits (also known as a full auto Glock switch) to convert Glock pistols into machineguns and was also selling Brugger & Thomet silencers.  According to the individual, SEYSERN advertised these items at a website called "FULLAUTOGLOCK.NET." The individual advised that he heard that even though the site says "all NFA rules apply" and "void where prohibited," if one e-mails SEYSERN at collectors@hotmail.com SEYSERN will offer the items for sale.  The individual knows this because he e-mailed SEYSERN about the silencers and the full auto Glock switch. SEYSERN e-mailed back that he would mail the full auto switch if first money was sent via Western Union.   SEYSERN e-mailed prices and payment instructions.  In an e-mail dated October 10, 2002, SEYSERN e-mailed the individual and instructed him to wire funds to a "Rick SEYSERN, AV del Libertador 774, Vte Lopez, Pcia de Buenos Aires, Argentina."  In response to the individual's attempt to get a phone number from SEYSERN, on October 25, 2002, SEYSERN e-mailed him from his collectors@hotmail.com address that, "there is no need for a password or phone number..."

21.    Agents of the ATF visited the website FULLAUTOGLOCK.NET.  The site showed a picture of a Glock pistol with a switch assembly at the rear of the slide.  The site reads, "The first true drop in select fire device for any Glock !!, and now for Beretta 92 series !!!! Takes only 10 seconds to turn any

Glock or Beretta Gun into a select fire machine pistol..."  On
the bottom of the page it reads, "U.S. customers, please read:
All NFA rules apply void where prohibited..." The listed price is
$310.00 for the full auto Glock switch.  Also on this site is a
link to "www.geocities.com/swiss_supressors," which site shows
photographs and information on various Brugger & Thomet silencers
which are for sale.  Also available on the FULLAUTOGLOCK.NET site
is a link to a video that could be downloaded of a Glock pistol
with the full auto switch installed. The Glock pistol in the
video is firing at such a high cyclic rate that it would be
impossible for a person to manipulate the trigger that fast in
the semi-automatic mode; therefore, the pistol, as advertised,
is functioning as a machine gun.

22.    On November 3, 2002, the individual referenced
above ordered a full auto Glock switch from SEYSERN at
collectors@hotmail.com.  That same day SEYSERN e-mailed him that
once he ("rick") receives the Western Union tracking number he
will ship the full auto Glock switch.  The Western Union tracking
number is the number that Western union assigns to a wire of
money once the wire is paid for at a Western Union outlet.  This
tracking number is then given to the recipient so the recipient
can go to a Western Union outlet at his/her location and give
that tracking number to the clerk and receive the money from the
wire.

23.    On November 8, 2002, at a Western Union outlet
in Ft. Pierce, Florida, the individual and federal law

enforcement wired $310.00 to a RICK SEYSERN in Argentina.

24.    On November 11, 2002, SEYSERN e-mailed the individual from his collectors@hotmail.com address, that "the kit left today, you will get it in 4/5 days, rick."

25.    On November 15, 2002, the package was picked up at the mailbox in West Palm Beach, Florida.  The package was falsely labeled as from "FERNANDO FIORDA, La Casa Del Hobby, AV Jonte 3934 Capital, Federal Argentina."  The package was sent via EMS Servico Courier International.  The contents were falsely listed on the outside of the package as "Literature/Smallparts." Inside the package was the full auto Glock switch as advertised on FULLAUTOGLOCK.NET.  The false name and product description show the sender's knowledge of the illegal nature of the products.

26.  The Glock switch was sent to the ATF Firearms Technology Branch where it was installed on a semi-automatic Glock pistol.  The Glock with the Glock full auto switch was test fired and it fired as a machinegun.  The ATF Firearms Technology Branch classified the full auto Glock switch sent as a machinegun, as defined in Title 26, United States Code, Section 5845, because its sole purpose is to convert a semi-automatic firearm into a machinegun.  Title 18, United States Code, Section 923(a) defines the term "machinegun" to have the meaning given such term in Title 26, United States Code, Section 5845(b). Accordingly, the Glock switch at issue is a "machinegun" under U.S. law.

27.     On November 20, 2002, a Federal law enforcement officer, without identifying himself as such,  began e-mailing SEYSERN at collectors@hotmail.com in reference to what type of silencers were available for purchase.  SEYSERN replied that Brugger & Thomet Impulse II silencers and a suppressor, i.e., a silencer, for a .308 rifle were available.  He e-mailed SEYSERN that he was interested in the .308 silencer.  On November 23, 2002, SEYSERN asked him, in an e-mail, if he was interested in a "16 rec".  SEYSERN was referring to an M-16 machine gun receiver.

28.     On December 4, 2002, the law enforcement agent wired $500.00 via Western Union to Rick SEYSERN in Buenos Aires, Argentina for a silencer for an FN FAL machine gun.  He then e-mailed SEYSERN that I had sent the money.  On December 4, 2002, SEYSERN replied in an e-mail: "Great, I will dissemble and start shipping on Monday once arrived you can send the remaining 650, rick."

29.     On December 13, 2002, federal agents picked up a package from the  mailbox in West Palm Beach, Florida.  The package was shipped via EMS CORREO ARGENTINO and was falsely labeled as though from ALFREDO DAVILA, FRENOS DEVOTO, Av Jointe 3914, Capital Federal, Argentina.  The contents of the package were falsely listed as "Hydraulic Oil."  It contained a silencer tube for a machine gun.

30.     On January 3, 2003, a package was received at the West Palm Beach  mailbox via EMS Correo Argentina.  The package was labeled as from ALBERTO VILELA/SKATECITY, Av S M Del

Caril, Capital Federal, Argentina." The contents were falsely listed on the package as "steel rollers." The package contained 8 silencer baffles with threaded end caps that fit the silencer tube that was received on December 13th, 2002. The silencer baffles that were sent by SEYSERN are made exclusively for silencers and therefore the baffles themselves are silencers as described in Title 26, United States Code, Section 5845 and Title 18, United States Code, Section 921(a)(24). The completed silencer was affixed to a firearm and test fired. The ATF Firearms Technology Branch found that the completed silencer functions as a silencer as described in Title 26, United States Code, Section 5845, and Title 18, United States Code, Section 921(a)(24).

31. Federal agents in Florida learned that Federal agents in Ohio and Virginia had been investigating a "LORD RICHARD" at collectors@hotmail.com. The investigation began after a traffic stop that was conducted by the Pepperpike Police Department in Pepperpike, Ohio on January 22, 2001. At that traffic stop, two individuals were found wearing bullet proof vests and were in possession of ski masks, duct tape and firearms to include machine guns and silencers. One of them advised that he and his partner bought their silencers and other items through the Internet from a GLOCKMAN at rickyboy@interar.com.ar., the predecessor account to collectors@hotmail.com. He advised that GLOCKMAN was really a RICHARD DEISERNIA who resides in Argentina. He said that he never met DEISERNIA, but DEISERNIA trusted him

and his partner enough to make deliveries of firearms and firearms parts for him in the United States and DEISERNIA would pay them by sending money via Western Union.  He gave Customs a phone number that he had for DEISERNIA.  U.S. Customs agents found that the phone number was an Argentine number assigned to RICARDO GUILLERMO DEISERNIA.

32.  Western Union records showed that there were 27 names that had sent monies to DEISERNIA/SEYSERN through Western Union.  According to Western Union records, a total of $30,821.88 was sent to DEISERNIA/SEYSERN during the six months between June, 2002 and December, 2002.  A review of the Western Union records shows 20 wire transfers of $310, the advertised cost of the full auto Glock switch.  On 3 occasions a customer sent 5 transfers of $500 on the same day for a total of $2,500.

33.  In February and March of 2003, agents of the ATF in their undercover capacity negotiated by email with DEISERNIA/SEYSERN for the purchase of a scorpion machine gun and two Baretta conversion kits, which when attached to a Baretta handgun would convert it into a fully automatic weapon, or machine-gun under U.S. law.  On April 13, 2003 two Baretta model 92 conversion kits arrived in West Palm Beach, pursuant to negotiations with DEISERNIA/SEYSERN.  The package in which they were shipped was marked "literature/small toys", indicating that the sender was attempting to smuggle the merchandise into the U.S. contrary to law.  The conversion kits were sent to the ATF technology branch, which attached them to a Baretta handgun and

determined that they indeed functioned as advertised, turning a semi-automatic handgun into a fully automatic machine gun.

## CONCLUSION

34.   I have attached to this affidavit, as Exhibit D, the original affidavit of Steven Barborini, Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives.   In his affidavit, Special Agent Barborini summarizes the investigation of the defendant's activities and the evidence which resulted in the indictment in this case.   Attached as Exhibit "1" to the affidavit of Special Agent Barborini is a photograph of **DEISERNIA**.   This affidavit and the affidavit of Special Agent Barborini were sworn to before a Magistrate Judge of the United States District Court for the Southern District of Florida, who is a person duly empowered to administer an oath for this purpose.

15

35.   I have reviewed the affidavit of Special Agent Barborini and the evidence in this case and attest that the evidence indicates that defendant RICARDO GUILLERMO DEISERNIA is guilty of the offenses for which extradition is sought.


ANDREW C. LOURIE
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA


SWORN AND SUBSCRIBED BEFORE ME
THIS _23_ DAY OF JULY, 2004.


UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA
JAMES M. HOPKINS

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____
                    Deputy Clerk
Date 7/23/04

16

# EXHIBIT   A



**Title 18, United States Code, Sec. 922. -**

(a)

It shall be unlawful -

(1)

for any person -

(A)

except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce

(4)

for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, to transport in interstate or foreign commerce any destructive device, machinegun (as defined in section 5845 of the Internal Revenue Code of 1986), short-barreled shotgun, or short-barreled rifle, except as specifically authorized by the Secretary consistent with public safety and necessity;

(*l*)

Except as provided in section **925**(d) of this chapter, it shall be unlawful for any person knowingly to import or bring into the United States or any possession thereof any firearm or ammunition; and it shall be unlawful for any person knowingly to receive any firearm or ammunition which has been imported or brought into the United States or any possession thereof in violation of the provisions of this chapter.

(o)

(1)

Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machine-gun.

(2)

This subsection does not apply with respect to -

(A)

a transfer to or by, or possession by or under the authority of, the United States or any department

or agency thereof or a State, or a department, agency, or political subdivision thereof; or

(B)

any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.

**Title 18, United States Code, Sec. 545. - Smuggling goods into the United States**

Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces or attempts to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law -

Shall be fined under this title or imprisoned not more than five years, or both.

**Title 18, United States Code, Section 2 - Aiding and Abetting**

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal

Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

Title 18 United States Code, Sec. 3282. - Offenses not capital

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed

# EXHIBIT   B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **03-80102**CR-MARRA

18 U.S.C. 545
18 U.S.C. 922(a)(1)(C)
18 U.S.C. 922(a)(4)
18 U.S.C. 922(l)
18 U.S.C. 922(o)
18 U.S.C. 924(a)(1)(B)
18 U.S.C. 924(a)(2)
18 U.S.C. 2

**MAGISTRATE JUDGE SELTZER**



UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICARDO GUILLERMO DEISERNIA,
    a/k/a Rick Seysern,
    a/k/a Rick Diserna,
    a/k/a Richard Deisernia,

    Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### Count 1

On or about November 13, 2002, at West Palm Beach, Palm Beach County, in the

Southern District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

*EG/3*

did knowingly transfer a machinegun as defined in Title 18, United States Code, Section 921(a)(23) and Title 26 United States Code, Section 5845(b); in violation of Title 18, United States Code, Sections 922(o), 924(a)(2) and 2.

## Count 2

On or about April 13, 2003, at West Palm Beach, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

did knowingly transfer a machinegun as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b); in violation of Title 18, United States Code, Sections 922(o), 924(a)(2) and 2.

## Count 3

On or about December 13, 2002, at West Palm Beach, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

knowingly and without authorization by the Secretary of the Treasury and the Attorney General as provided in Title 18, United States Code, Section 925(d), imported and brought into the United States a firearm as defined in Title 18, United States Code, Section 921(a)(3)(C), that is, a firearm silencer, as defined in Title 18, United States Code, Section 921(a)(24); in violation of Title 18, United States Code, Sections 922(l), 924(a)(1)(C) and 2.

2

## Count 4

On or about December 27, 2002, at West Palm Beach, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

knowingly and without authorization by the Secretary of the Treasury and the Attorney General as provided in Title 18, United States Code, Section 925(d), imported and brought into the United States a firearm as defined in Title 18, United States Code, Section 921(a)(3)(C), that is, a firearm silencer, as defined in Title 18 United States Code, Section 921(a)(24); in violation of Title 18, United States Code, Sections 922(l), 924(a)(1)(C) and 2.

## Count 5

On or about  November 13, 2002, at West Palm Beach, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

fraudulently and knowingly did import merchandise contrary to law and did conceal and facilitate the transportation of such merchandise after importation, that is, a machinegun, as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), which was imported in a package marked "LITERATURE/SMALL PARTS"; in violation of Title 18, United States Code, Sections 545 and 2.

3

## Count 6

On or about December 13, 2002, at West Palm Beach, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

fraudulently and knowingly did import merchandise contrary to law and did conceal and facilitate the transportation of such merchandise after importation, that is, a firearm silencer, which was imported in a package marked "HYDRAULIC OIL"; in violation of Title 18, United States Code, Sections 545 and 2.

## Count 7

On or about December 27, 2002, at West Palm Beach, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

fraudulently and knowingly did import merchandise contrary to law and did conceal and facilitate the transportation of such merchandise after importation, that is, a firearm silencer, which was imported in a package marked "STEEL ROLLERS (EXCH)"; in violation of Title 18, United States Code, Sections 545 and 2.

4

## Count 8

On or about April 13, 2003, at West Palm Beach, Palm Beach County, in the Southern

District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

fraudulently and knowingly did import merchandise contrary to law and did conceal and

facilitate the transportation of such merchandise after importation, that is, two machine guns,

as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States

Code, Section 5845(b), which were imported in a package marked "LITERATURE/SMALL

TOY PTS"; in violation of Title 18, United States Code, Sections 545 and 2.

## Count 9

On or about November 13, 2002, at West Palm Beach, Palm Beach County, in the

Southern District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

not being licensed importer, manufacturer, dealer, and collector of firearms, knowingly

transported in foreign commerce from Argentina to West Palm Beach, Florida, a machine

gun, as defined in Title 26, United States Code, Section 5845(b), without the specific

authorization of the Secretary of the Treasury, the Attorney General and their delegates, in

violation of Title 18, United States Code, Sections 922(a)(4) and 924(a)(1)(B).

5

## Count 10

On or about April 13, 2003, at West Palm Beach, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

not being licensed importer, manufacturer, dealer, and collector of firearms, knowingly transported in foreign commerce from Argentina to West Palm Beach, Florida, two machine guns, as defined in Title 26, United States Code, Section 5845(b), without the specific authorization of the Secretary of the Treasury, the Attorney General and their delegates, in violation of Title 18, United States Code, Sections 922(a)(4) and 924(a)(1)(B).

## Count 11

From on or about December 13, 2002, through on or about December 27, 2002, at West Palm Beach, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern,
a/k/a Rick Diserna,
a/k/a Richard Deisernia,

not being licensed importer, manufacturer, dealer, and collector of firearms, knowingly and willfully engaged in the business of importing, manufacturing and dealing in firearms and in the course of such business did ship and transport in foreign commerce from Argentina to West Palm Beach, Florida, a firearm, as defined in Title 18, United States Code, Section

6

921(a)(3)(C), that is, firearm silencers; in violation of Title 18, United States Code, Sections
922(a)(1)(A) and 924(a)(1)(D).

A TRUE BILL

_____
FOREPERSON

_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
JENNIFER PRIOR
ASSISTANT UNITED STATES ATTORNEY

_____
ANDREW LOURIE
ASSISTANT UNITED STATES ATTORNEY

7

# EXHIBIT   C

# WARRANT FOR ARREST

## United States District Court

**DISTRICT** Southern District of Florida

UNITED STATES OF AMERICA
v.

RICARDO GUILLERMO DEISERNIA,
a/k/a Rick Seysern, a/k/a Diserna,
a/k/a Richard Deisernia

**DOCKET NO.** 03-80102CR-MARRA

**MAGISTRATE CASE NO.**

MAGISTRATE JUDGE SELTZER

**NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED**

Ricardo Gullermo Deisernia
Argerich 3547, 1419 Capital Federal
Buenos Aires, Argentina

DOB: 7/9/66          SSN:
W/M          Argentina Passport # 9526414

**WARRANT ISSUED ON THE BASIS OF:**

☒ Indictment  ☐ Information  ☐ Order of Court  ☐ Complaint

**DISTRICT OF ARREST**

**CITY**

**TO:**

United States Marshals Service or any other authorized representative

**YOU ARE HEREBY COMMANDED** to arrest the above-named person and bring that person before the nearest available magistrate to answer to the charge(s) listed below.

### DESCRIPTION OF CHARGES

* Illegal transfer of a machinegun
* Unauthorized importation of a firearm
* Fraudulent importation of firearms, i.e., firearms smuggling
* Transportation in foreign commerce of machineguns by unlicensed importer, manufacturer and dealer
* Importing, dealing and transporting firearms in foreign commerce unlicensed importer, manufacturer and dealer

| IN VIOLATION OF | UNITED STATES CODE TITLE | SECTION |
|---|---|---|
| | 18 | 545; 922(a)(1)(C), 922(a)(4); 922(l); 922(o); 924(a)(1)(B); 924(a)(2); and 2 |

**BAIL FIXED BY COURT** No Bond

**OTHER CONDITIONS OF RELEASE**

**ORDERED BY**

LINNEA R. JOHNSON, CHIEF
UNITED STATES MAGISTRATE JUDGE

**SIGNATURE (JUDGE[1]/U.S. MAGISTRATE)**

**DATE** 7-24-03

**CLERK OF COURT**

CLARENCE MADDOX

**(BY) DEPUTY CLERK**

**DATE ISSUED** 7/24/03

### RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

[1]United States Judge or Judge of a State Court of Record

# EXHIBIT   D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80102-CR-MARRA/SELTZER

UNITED STATES OF AMERICA            )
                                    )
v.                                  )
                                    )
RICARDO GUILLERMO DEISERNIA,        )
     a/k/a "Rick Seysern"           )
     a/k/a "Rick Diserna"           )
     a/k/a "Richard Deisernia",     )
                                    )
                                    )
                   Defendant        )
_____)

## AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Stephen Barborini, being duly sworn, depose and state:

1.    I am a citizen of the United States, residing in the State of Florida.

2.    I am a Special Agent employed by the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  I have been so employed for 16 years.

3. The ATF is responsible for, among other things, the enforcement of U.S. gun laws.  As a Special Agent with the ATF, I have personally conducted and participated in numerous investigations that resulted in the arrest and conviction of more than two hundred individuals for violation of U.S. gun laws.

4.    Based on my training and experience as a Special Agent with ATF, I am familiar with the means and methods that gun distributors use to import and distribute illegal weapons into the

United states. I also have become familiar and knowledgeable about the criminal statutes of the U.S., particularly in the area of criminal law relating to firearms.

5. My duties with the ATF have included an investigation of **RICARDO GUILLERMO DEISERNIA**. The investigation resulted in the indictment of **RICARDO GUILLERMO DEISERNIA** in the federal district court in the Southern District of Florida in case number **03-80102-CR-Marra**. As the lead investigator on the case, I am thoroughly familiar with the evidence in this matter.

6. I have determined the defendant's citizenship status. **RICARDO GUILLERMO DEISERNIA** is an Argentinian citizen born on July 9, 1966.

### FACTS

7. In October of 2002, an individual advised federal law enforcement that a person known to him as RICK SEYSERN was selling kits to convert Glock pistols into machineguns (also known as a full auto Glock switch) and was also selling Brugger & Thomet silencers. According to the individual, SEYSERN advertised these items at a website called "FULLAUTOGLOCK.NET." The individual advised that he heard that even though the site says "all NFA rules apply"[1] and "void where prohibited," if one e-mails SEYSERN at collectors@hotmail.com SEYSERN will offer the items for sale to U.S. Citizens and send them to the United States. The individual

---

[1] "NFA" refers to the National Firearms Act of 1934, which lists some of the weapons that are prohibited from being imported into and exported to the United States.

knows this because he e-mailed SEYSERN about the silencers and the full auto Glock switch.  SEYSERN e-mailed back that he would mail the full auto switch to the United States if first money was sent via Western Union.   SEYSERN e-mailed prices and payment instructions.  In an e-mail dated October 10, 2002, SEYSERN e-mailed the individual and instructed him to wire funds to a "Rick SEYSERN, AV del Libertador 774, Vte Lopez, Pcia de Buenos Aires, Argentina."  In response to the individual's attempt to get a phone number from SEYSERN, on October 25, 2002, SEYSERN e-mailed him from his collectors@hotmail.com address that, "there is no need for a password or phone number..."

       8.   Agents of the ATF visited the website FULLAUTOGLOCK.NET.  The site showed a picture of a Glock pistol with a switch assembly at the rear of the slide.  The site reads in English, "The first true drop in select fire device for any Glock !!, and now for Beretta 92 series !!!! Takes only 10 seconds to turn any Glock or Beretta Gun into a select fire machine pistol..."  On the bottom of the page it reads, "U.S. customers, please read: All NFA rules apply void where prohibited..." The listed price is $310.00 for the full auto Glock switch.  Also on this site is a link to "www.geocities.com/swiss_supressors," which site shows photographs and information on various Brugger & Thomet silencers which are for sale.  Also available on the FULLAUTOGLOCK.NET site is a link to a video that could be downloaded of a Glock pistol with the full auto switch installed. The Glock pistol in the video is firing at such a high cyclic rate

that it would be impossible for a person to manipulate the trigger that fast in the semi-automatic mode; therefore, the pistol, as advertised, is functioning as a machine gun.

9.    On November 3, 2002, the individual referenced above ordered a full auto Glock switch from SEYSERN at collectors@hotmail.com. That same day SEYSERN e-mailed him that once he ("rick") receives the Western Union tracking number he will ship the full auto Glock switch.  The Western Union tracking number is the number that Western union assigns to a wire of money once the wire is paid for at a Western Union outlet.  This tracking number is then given to the recipient so the recipient can go to a Western Union outlet at his/her location and give that tracking number to the clerk and receive the money from the wire.

10.    On November 8, 2002, at a Western Union outlet in Ft. Pierce, Florida, the individual and federal law enforcement wired $310.00 to a RICK SEYSERN in Argentina.

11.    On November 11, 2002, SEYSERN e-mailed the individual from his collectors@hotmail.com address, that "the kit left today, you will get it in 4/5 days, rick."

12.    On November 15, 2002, the package was picked up at the mailbox in West Palm Beach, Florida.  The package was falsely labeled as from "FERNANDO FIORDA, La Casa Del Hobby, AV Jonte 3934 Capital, Federal Argentina."   The package was sent via EMS Servico Courier International.  The contents were falsely listed on the outside of the package as "Literature/Smallparts." Inside the package was the full auto Glock switch as advertised on

FULLAUTOGLOCK.NET.  The false name and product description show
the sender's knowledge of the illegal nature of the products and
is evidence of his intention to illegally smuggle them into the
United States under false pretenses.

13.  The Glock switch was sent to the ATF Firearms
Technology Branch where it was installed on a semi-automatic Glock
pistol.  The Glock with the Glock full auto switch was test fired
and it fired as a machinegun.  The ATF Firearms Technology Branch
classified the full auto Glock switch sent as a machinegun, as
defined in Title 26, United States Code, Section 5845, because its
sole purpose is to convert a semi-automatic firearm into a
machinegun.  Title 18, United States Code, Section 923(a) defines
the term "machinegun" to have the meaning given such term in Title
26, United States Code, Section 5845(b).  Accordingly, the Glock
switch at issue is a "machinegun" under U.S. law.

14.  On November 20, 2002, a Federal law enforcement
officer, without identifying himself as such,  began e-mailing
SEYSERN at collectors@hotmail.com in reference to what type of
silencers were available for purchase.  SEYSERN replied that
Brugger & Thomet Impulse II silencers and a suppressor, i.e., a
silencer, for a .308 rifle were available.[2]  He e-mailed SEYSERN
that he was interested in the .308 silencer.  On November 23,
2002, SEYSERN asked him, in an e-mail, if he was interested in a

---

[2]    Title 18, United States Code, Section 921(a)(3)(C) defines the term "firearm" to
include "any firearm muffler or firearm silencer."  Any sale by SEYSERN to a person in the United
States of a silencer would violate 18 U.S.C. § 922(a)(1) and (l), illegal importation of firearms.  The
receipt of the silencer by any person in the United States is a violation of 18 U.S.C. § 922(l).

"16 rec". SEYSERN was referring to an M-16 machine gun receiver.

15.     On December 4, 2002, the law enforcement agent wired $500.00 via Western Union to Rick SEYSERN in Buenos Aires, Argentina for a silencer for an FN FAL machine gun. He then e-mailed SEYSERN that the money had been sent. On December 4, 2002, SEYSERN replied in an e-mail: "Great, I will dissemble and start shipping on Monday once arrived you can send the remaining 650, rick."

16.     On December 13, 2002, federal agents picked up a package from the mailbox in West Palm Beach, Florida. The package was shipped via EMS CORREO ARGENTINO and was falsely labeled as though from ALFREDO DAVILA, FRENOS DEVOTO, Av Jointe 3914, Capital Federal, Argentina. The contents of the package were falsely listed as "Hydraulic Oil." It contained a silencer tube.

17.     On January 3, 2003, a package was received at the West Palm Beach mailbox via EMS Correo Argentina. The package was labeled as from ALBERTO VILELA/SKATECITY, Av S M Del Caril, Capital Federal, Argentina." The contents were falsely listed on the package as "steel rollers." The package contained 8 silencer baffles with threaded end caps that fit the silencer tube that was received on December 13, 2002. The silencer baffles that were sent by SEYSERN are made exclusively for silencers and therefore the baffles themselves are silencers as described in Title 26, United States Code, Section 5845 and Title 18, United States Code, Section 921(a)(24). The completed silencer was affixed to a

firearm and test fired.   The ATF Firearms Technology Branch found
that the completed silencer functions as a silencer as described
in Title 26, United States Code, Section 5845, and Title 18,
United States Code, Section 921(a)(24).

     18.    Federal agents in Florida learned that Federal
agents in Ohio and Virginia had been investigating a "LORD
RICHARD" at collectors@hotmail.com. The investigation began after
a traffic stop that was conducted by the Pepperpike Police
Department in Pepperpike, Ohio on January 22, 2001.   At that
traffic stop, two individuals were found wearing bullet proof
vests and were in possession of ski masks, duct tape and firearms
to include machine guns and silencers.   One of them advised that
he and his partner bought their silencers and other items through
the Internet from a GLOCKMAN at rickyboy@interar.com.ar., the
predecessor account to collectors@hotmail.com.   He advised that
GLOCKMAN was really a RICHARD DEISERNIA who resides in Argentina.
He said that he never met DEISERNIA, but DEISERNIA trusted him and
his partner enough to pay them to make deliveries of firearms and
firearms parts for DEISERNIA in the United States and DEISERNIA
would pay them by sending money via Western Union.   He gave
Customs a phone number that he had for DEISERNIA.   U.S. Customs
agents found that the phone number was an Argentine number
assigned to RICARDO GUILLERMO DEISERNIA.

     19.  Western Union records showed that there were 27
names that had sent monies to DEISERNIA/SEYSERN via Western Union
during the six months between June, 2002 and December, 2002.

According to Western Union records, during that six-month period, a total of about $30,821.88 was sent by U.S. citizens to DEISERNIA/SEYSERN. A review of these Western Union records shows 20 wire transfers of $310, the advertised cost of the full auto Glock switch. On 3 occasions a customer sent 5 transfers of $500 on the same day for a total of $2,500.

20. In February and March of 2003, agents of the ATF in their undercover capacity negotiated by email with DEISERNIA/SEYSERN for the purchase of a Skorpion machine gun and two Beretta conversion kits, which would convert a Beretta semi-automatic handgun into a fully automatic weapon, or machine-gun as defined by U.S. law. On April 13, 2003 two Beretta model 92 conversion kits arrived in West Palm Beach, pursuant to negotiations with DEISERNIA/SEYSERN. The package in which they were shipped was marked "literature/small toys", indicating that the sender was attempting to smuggle the merchandise into the U.S. contrary to law. The conversion kits were sent to the ATF technology branch, which attached them to a Beretta handgun and determined that they indeed functioned as advertised, turning a semi-automatic handgun into a fully automatic machine gun.

## The Federal Search Warrant

21. On February 4, 2003, a court ordered search warrant was served on MSN Hotmail to search the e-mails located at collectors@hotmail.com. On February 11, 2003, MSN Hotmail, pursuant to the search warrant, searched and pulled all of the e-

mails and "friends file" currently on the server for
collectors@hotmail.com. The only e-mails that were retrieved were
e-mails that had either been saved or had not yet been opened.
The dates of 110 of the e-mails were February 8, 9, 10 and 11,
2003, three e-mails were dated January 30, 2003, one was dated
February 1, 2003, and one February 2, 2003.  Eighty-eight e-mails
concerned Glock and Beretta full auto switches, silencers and
machineguns.  All but three of the e-mails appeared to be from the
United States.  Nineteen different e-mail addresses sent and/or
received e-mails to and from DEISERNIA/SEYSERN.

     22. Some of the e-mails relate to completed
transactions for machine guns and silencers.  One example is a
"ROBERT" who told SEYSERN in an e-mail dated February 8, 2003,
that he is upset over the PATRIOT ACT in the United States because
now it is required that you identify yourself, including a social
security number, when wiring $1000.00 or more from the United
States through Western Union. "ROBERT" said he will now send lower
amounts.  "ROBERT" further stated in that e-mail, "I don't want
the government to know shit about me."  In an e-mail dated
February 10, 2003, "ROBERT" wrote about receiving the "lower half"
of a "G18C" from SEYSERN in the "coffin". "ROBERT" also asked
SEYSERN on that same date when was his "SKORPION" "TOY" coming. I
know from my training and experience that the lower half of a G18C
is the receiver of a GLOCK machine gun pistol and a "SKORPION" is
a Ceskoslovenska Zbrojovka, a/k/a CZ, machine gun.  Also on the
February 10, 2003, "ROBERT" e-mailed to SEYSERN two Western Union

money wire tracking numbers relating to two $750.00 money wires to SEYSERN for a total of $1500.00.  In all the e-mails received pursuant to the above search warrant concerning "ROBERT," neither his home address nor his shipping address were found.

23.    Another example of a purchase of an illegal item that was underway or completed is from individual known as "MAT." In an e-mail dated February 10, 2002, SEYSERN e-mailed "MAT" that he had received the first part of his "can" and before he shipped it to "MAT" he needed to know the diameter of the barrel. The term "can" in this context is a slang term for a silencer.  In a response e-mail to SEYSERN on the same date "MAT" wrote, in reference to the barrel for the silencer, "I was waiting to buy one in another name as soon as I get a different I'D.."

24. On April 2, 2003, United States law enforcement officials initiated a court ordered wire-tap of DEISERNIA's e-mail account. During the following thirty days the e-mail account was used to arrange for the importation of illegal weapons into the United States, including Glock switches and silencers. Information from the wire-tap resulted in the execution of a number of search warrants and the arrest of seven (7) individuals around the United States that had purchased machine guns, and silencers from DEISERNIA in violation of U.S. law.  Many of those arrested were convicted felons who were forbidden to possess any firearm whatsoever under U.S. law.  Approximately nineteen (19) illegal weapons were seized that had been purchased from DEISERNIA.

24.   I have attached as Exhibit 1 to this affidavit

a photographs of **RICARDO GUILLERMO DEISERNIA** taken from the internet website "www.tirotactico.itgo.com/hirternberger.htm". An ATF source who knows **RICARDO DEISERNIA** has identified the person on the far left as **DEISERNIA** and as a person he knows to be in the firearms business in Argentina.

_____
STEPHEN BARBORINI,
SPECIAL AGENT, UNITED STATES BUREAU
OF ALCOHOL, TOBACCO, FIREARMS AND
EXPLOSIVES

SWORN AND SUBSCRIBED BEFORE ME
THIS 22 DAY OF JULY, 2004.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA
JAMES M. HOPKINS

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date _____

11



EXHIBIT 1